**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **THI LY BUI** | **CIVIL ACTION NO. 26-0166** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## ORDER TO AMEND

Petitioner Thi Ly Bui,[1] a detainee at Richwood Correctional Center in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.

## Background

Petitioner is a citizen of Vietnam. [doc. # 1, p. 10]. She "entered the United States on or about December 18, 2024, without inspection." *Id.* at 11. She was taken into immigration custody on December 23, 2024. *Id.* at 4. She suggests that ICE considers her detained under 8 U.S.C. § 1226(c). *Id.*

Petitioner was ordered removed from the United States of America on February 11, 2025. [doc. # 1, p. 4]. She did not appeal the removal order to the Board of Immigration Appeals. *Id.*

Petitioner filed the instant proceeding on January 15, 2026. [doc. # 1, p. 8]. She first claims that she is entitled to a bond hearing under "the binding final declaratory judgment in

---

[1] Petitioner's "A-Number" is 221-387-502.

*Maldonado Bautista v. Santacruz*, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), which applies to all members of the certified Bond Eligible Class . . . ." *Id.* at 6.  She states that *Bautista* held that "noncitizens who entered without inspection, were not apprehended upon arrival, and are not subject to detention under 8 U.S.C. sections 1226(c), 1225(b)(1), or 1231 are detained under section 1226(a) and entitled to bond hearings." *Id.* at 9.  She maintains that she qualifies as a member of the class because she is properly classified under 8 U.S.C. § 1226(a); she argues that she is not detained under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231, because she does not have a criminal record or conviction.  *Id.* at 6.  She also mentions, however, that she "has complied with all criminal court obligations." *Id.* at 11.

Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner next claims that there is no likelihood of her removal in the foreseeable future.  [doc. # 1, p. 7].  She writes, "While Vietnam may now be willing to accept Ms. Bui, the government has not shown that her removal is imminent." *Id.* at 15.

For relief, Petitioner seeks a bond hearing or, alternatively, immediate release from detention.  [doc. # 1, p. 7].

### Amend

Petitioner should file an amended petition and, to the best of her ability and means:

    (1) clarify if an immigration judge ordered her removed from the United States;[2]

---

[2] Petitioner should be aware that if she was ordered removed and the order is final, she is detained under 8 U.S.C. § 1231.  *See Vetcher v. Barr*, 809 F. App'x 254, 255-56 (5th Cir. 2020) ("Vetcher's detention under the authority of Section 1226(c) . . . ended when he became subject to an administratively final removal order . . . . The authority for his detention then shifted to 8 U.S.C. Section 1231.").

(2) provide a copy of the removal order if possible; [3]

(3) provide a copy of all relevant documents, if any;

(4) explain why there is "no significant likelihood of removal in the reasonably foreseeable future"; Petitioner may, for example, include information concerning whether she completed any documents to assist in her removal and whether any travel document has been issued; and

(5) clarify what she means when she states that she "has complied with all criminal court obligations"; in other words, clarify if she has pending criminal charges or a criminal conviction(s).

Petitioner does not need to cite any law when she files her amended petition.

### Conclusion

Accordingly, **IT IS ORDERED** that Petitioner Thi Ly Bui file an amended petition within **thirty (30) days** of the filing of this Memorandum Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Petitioner is further required to notify the Court of any change in her address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

In Chambers, Monroe, Louisiana, this 2nd day of February, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge

---

[3] Petitioner only needs to provide copies of documents she can access or documents she can obtain using reasonable efforts.  Currently, she does not need to seek the Court's assistance in obtaining any documents.

3